```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GEORGE S. LAKNER, M.D.,          :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:08CV887(RNC)
                                 :
THERESA C. LANTZ, ET AL.,        :
                                 :
     Defendants.                 :
```

**RULING ON MOTION TO COMPEL**

Pending before the court is the defendants' Motion to Compel Discovery Responses (doc. #30). The plaintiff has not objected or in any way responded to the motion.

The defendant served the discovery requests at issue in July, 2008. Plaintiff requested, and was granted, four extensions of time to respond to these requests. (See docs. #17, 23, 25, 28.) These motions reported that the plaintiff was an injured military veteran and was undergoing medical procedures that made him unavailable to work with his counsel on discovery responses. The final requested extension set a deadline of December 3, 2008. (Doc. #28.)

A. Requests for Production

The defendants first move to compel responses to their Requests for Production served on or about July 31, 2008. In a supporting affidavit, defense counsel represents that plaintiff failed to respond in any way to the requests for production. (Affidavit of Nancy Brouillet, doc. #30-3, ¶ 12.) For good cause

shown, and in the absence of any objection from the plaintiff, the defendants' motion is granted as to the Requests for Production.

    B.   <u>Interrogatories</u>

The plaintiff served objections and responses to the defendants' interrogatories on or about December 4, 2008.  (<u>See</u> Brouillet Aff., doc. #30-3, ¶ 13; Plaintiff's Response to Defendant's First Set of Interrogatories, doc. #30-5.)  Defendants contend that the plaintiff's objections to certain interrogatories are baseless and that some of the responses are incomplete.  Specifically, the defendants move to compel complete responses to interrogatories #11, 12, 15, 16, and 21.  For good cause shown, and in the absence of any objection, the defendants' motion is granted as to these interrogatories.

    C.  <u>Rule 26(a)(1) Disclosures</u>

The defendants also move to compel more complete disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Defense counsel represents that the plaintiff's 26(a)(1) disclosure does not comply with the rule because the plaintiff has failed to provide: (a) "the address and telephone number of each individual likely to have discoverable information" that plaintiff may use to support his claims or defenses or "the subjects of that information"; (b) "a copy- or a description by category and location- of all documents, electronically stored information and tangible things

2

that the disclosing party has in [his] possession, custody or control and may use to support [his] claims or defenses"; and (c) "a computation of each category of damages claimed by the disclosing party" or the documents supporting such computation. (Fed. R. Civ. P. 26(a)(1); Brouillet Aff., doc. #30-3, ¶ 14.) For good cause shown, and in the absence of any response from the plaintiff, the defendants' motion is granted.  The plaintiff shall make a complete disclosure as required by Fed. R. Civ. P. 26(a)(1).

    D. <u>Request for Sanctions</u>

    The defendants ask the court to award them the attorney's fees and costs associated with their motion.  The request is denied without prejudice.  At the conclusion of the case, upon application, the defendants may request sanctions in connection with this motion.

    SO ORDERED at Hartford, Connecticut this 2nd day of February, 2009.

                                      _____/s/_____
                                      Donna F. Martinez
                                      United States Magistrate Judge