```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GEORGE S. LAKNER, M.D.,            :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:08CV887(RNC)
                                   :
THERESA C. LANTZ, ET AL.,          :
                                   :
     Defendants.                   :
```

### RULING ON DISCOVERY MOTIONS

Pending before the court are a series of discovery motions. (Docs. #44, 47, 48, 50, 52, 53, 56, 57, 63, and 79.) Oral argument was held on June 18, 2009.

A.   Motions Regarding Depositions

During a recess at oral argument, the parties were able to partially resolve their disputes regarding certain depositions, as follows:

The defendant's Motion to Quash Deposition Production Request (doc. #48) is denied as moot by agreement of the parties in open court.

Witness Karen Duffy Wallace's Motion to Quash Plaintiff's Re-Notice of Deposition (doc. #50) is withdrawn without prejudice as requested by the moving party in open court.

As to Wallace's Motion to Quash Subpoena (doc. #52) and Motion for Protective Order (doc. #53), the parties agreed in open court that Wallace's deposition would go forward and that


she would comply with the production requests attached to it.[1] The defendant and the witness reserve their right to claim attorney-client privilege as to any particular responsive document and to object on privilege grounds as to particular questions at the deposition. The parties agree, however, that the current record is insufficient for the court to adjudicate any privilege issues. Therefore, these motions are denied without prejudice.[2]

The Motion to Quash Subpoena and for Protective Order (doc. #56) filed by several non-party witnesses was withdrawn without prejudice by the moving party in light of the representation by plaintiff's counsel that he no longer seeks to depose these individuals. The defendant's Motion to Quash Deposition Notices (doc. #57) was withdrawn without prejudice for the same reason.

    B.   <u>Defendant's Motions for Sanctions</u>

The defendant has filed two motions for sanctions (docs. #44, 47) due to plaintiff's alleged failure to comply with the

---

[1] To the extent that this motion was filed on behalf of the Keeper of Records for the University of Connecticut Health Center, counsel represented that the records sought by the subpoena have been produced.

[2] In the event that the parties are unable to resolve their privilege dispute and must bring that dispute before the court, they are reminded that the court requires a clear record in order to adjudicate their motions. In addition to Fed. R. Civ. P. 26(b)(5), 30, 34 and 45, the parties should review and fully comply with Local Rule 26(e), which governs privilege logs, and Local Rule 37(b)(1), which provides specific requirements for the preparation of memoranda of law for discovery disputes.

court's order of February 2, 2009 (doc. #38), which required the plaintiff to produce documents and to supplement his interrogatory responses and 26(a)(1) disclosure.

The defendant's first motion for sanctions, doc. #44, was filed on March 3, 2009 and, among other things, seeks monetary sanctions for plaintiff's failure to comply with the court's order.  The motion is unopposed, and it is undisputed that the plaintiff did not make any supplemental production by mid-February as required by the court's order and Local Rule 37(d). Therefore, the defendant's motion is granted insofar as the defendant seeks the costs of her motion.  Based on defense counsel's bill of costs, attached to the motion, and the court's familiarity with billing rates in this district, the plaintiff is ordered to pay the defendant the expenses of her motion in the amount of $750.

The defendant also seeks additional sanctions, including dismissal and/or the preclusion of certain testimony.  (Docs. #44, 47.)  After the first motion for sanctions was filed, the plaintiff produced over 260 pages of documents and supplemented his 26(a)(1) disclosure.  The defendant contends that the plaintiff still has not fully complied with the court's order. She complains, first, of the plaintiff's failure to update his 26(a)(1) disclosure to list all documents and witnesses. However, if the documents and witnesses have "otherwise been made known to the other parties during the discovery process," Fed. R.

Civ. P. 26(e)(1)(A), then the failure to update the 26(a)(1) disclosure does not in itself warrant the imposition of additional sanctions.  See also Fed. R. Civ. P. 37(c)(1).

As for the plaintiff's witness list, the plaintiff now has learned through discovery the names of plaintiff's witnesses. Turning to documents, the defendant contends that the plaintiff has not responded in full to all requests for production.  The defendant's written motion does not set forth the particular requests for production at issue, as required by Local Rule 37(b)(1).  At oral argument, defense counsel explained that the plaintiff has not responded to requests for production seeking all documents relating to (among other things) his involvement in litigation and administrative proceedings, his claimed damages, and other employment.  Plaintiff's counsel, on the other hand, represented that all documents have been produced.

Based on the current record, the court is unable to determine whether the plaintiff has complied fully with the requests for production.  There is no question that the plaintiff was, in his own words, "somewhat dilatory" in responding to discovery.  The defendant has not pointed to any specific prejudice she has suffered that cannot be rectified.  Therefore, the defendant's requests for the harsh sanctions of dismissal or preclusion of evidence are denied.

Notwithstanding the foregoing, the plaintiff must understand the gravity of his present situation.  He has, since February 2,

4

been under a court order to produce all responsive documents and respond to all interrogatories.  Plaintiff's counsel has represented that all documents have been produced; the defendant disagrees.  The plaintiff is warned that if he has any responsive documents in his possession, custody or control (including emails or other electronically stored records), he must produce them at once.  **The plaintiff is ordered to review the discovery requests and to search for any responsive documents that he has not previously produced.**  Plaintiff's counsel shall serve any such documents or supplemental interrogatory responses on defense counsel on or before **July 13, 2009.**  Plaintiff's continued failure to comply with the court's orders may lead to the imposition of additional monetary sanctions or other sanctions, including preclusion of evidence or dismissal of the action.

As set forth above, the defendant's Motion for Sanctions re Discovery and Disclosure (doc. #44) is granted insofar as it seeks monetary sanctions and denied without prejudice insofar as it seeks other sanctions.  The defendant's Motion to Dismiss Pursuant to Rule 37 for Failure to Comply with Discovery Orders (doc. #47) is denied without prejudice.

All counsel are reminded of their duty to confer in good faith in order to resolve discovery disputes.  If further discovery motions are necessary, those motions shall fully comply with the requirements of Local Rule 37.  Counsel are urged to

create an orderly record, supported by affidavit or other evidence, sufficient for the court to determine which discovery requests are at issue and whether there has been compliance.

    C.    <u>Motions to Extend Scheduling Order</u>

The plaintiff's Motion for Extension of Time to Complete Discovery (doc. #63) is granted.  The discovery deadline is extended to **July 31, 2009.**  The defendant's Motion for Extension of Time to File Motion for Summary Judgment (doc. #79) is also granted.  The defendant's Motion for Summary Judgment may be filed on or before **August 28, 2009.**

This ruling is without prejudice to the defendant's motion for additional sanctions in relation to the plaintiff's deposition of David Budlong (doc. #80).  That motion is not yet ripe.

SO ORDERED at Hartford, Connecticut this 1st day of July, 2009.

                                    _____/s/_____
                                    Donna F. Martinez
                                    United States Magistrate Judge