```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

GEORGE S. LAKNER, M.D.          :
                                :
   Plaintiff,                   :
                                :
V.                              :    CASE NO. 3:08-CV-887(RNC)
                                :
THERESA C. LANTZ,               :
                                :
   Defendant.                   :

## RULING AND ORDER

Plaintiff George S. Lakner, M.D., brings this action under 42 U.S.C. § 1983 against defendant Theresa C. Lantz, former Commissioner of the Connecticut Department of Correction ("DOC"), claiming retaliation in violation of the First Amendment right to petition for redress of grievances. Plaintiff alleges that the defendant procured the termination of his employment with the University of Connecticut Health Center ("UCHC") because he previously exercised his constitutional right to sue the State. Defendant has moved for summary judgment. The motion is granted because plaintiff's previous lawsuit against the State did not address a matter of public concern and thus cannot provide the basis for a First Amendment retaliation claim under § 1983.[1]

I.   Summary Judgment

Summary judgment may be granted when no there is genuine

---

[1] Defendant also seeks summary judgment based on qualified immunity. Because the plaintiff's First Amendment retaliation claim is unavailing, it is unnecessary to address the defense of qualified immunity.

issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In determining whether this standard is met, the evidence must be viewed in the light most favorable to the plaintiff.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).[2]

II.  Background

The admissible evidence in the record, viewed most favorably to the plaintiff, would permit a jury to find the following facts.  In 1995, plaintiff provided psychiatric services to inmates in the custody of DOC under a personal services contract.  The contract provided that he could not be terminated unless he received 30 days' notice.  Plaintiff's contract was terminated after he brought a bottle of cognac into a DOC facility as a gift for a colleague in violation of DOC regulations.  In 2002, plaintiff brought a lawsuit against the State of Connecticut to recover damages arising from the termination of his contract.  The lawsuit was settled.  In 2006, UCHC hired plaintiff to work

---

[2]  Plaintiff has filed a motion to amend the complaint to clarify that the defendant is sued in her individual capacity (doc. 124).  The motion is granted because the relief sought in the complaint (money damages) implied that the defendant was being sued in her individual capacity, and the defendant (whose answer includes an affirmative defense of qualified immunity) has not been prejudiced.  The defendant has moved to strike the plaintiff's memorandum in opposition to the motion for summary judgment  (doc. 121) and the plaintiff has moved to amend or correct the memorandum (doc. 127).  The defendant's motion is denied and the plaintiff's motion is granted.

as a psychiatrist treating DOC inmates, among other things.  He was scheduled to start at York Correctional Institution on July 10, 2006.  At a meeting with UCHC on July 6, 2006, the defendant made it clear that in her view the plaintiff should not be allowed to work at the York facility.  She maintains that her concern about the plaintiff's employment was based on issues related to his eligibility to practice in Connecticut without a Connecticut medical license, and licensing problems he had in Maryland.  There is evidence in the record, including handwritten notes of the defendant, which, viewed most favorably to the plaintiff, would permit a jury to infer that she also took account of his previous lawsuit against the State.  As a result of the meeting, UCHC placed the plaintiff on administrative leave.  He was subsequently terminated because he would not be permitted to enter a DOC facility.

III. Discussion

The First Amendment protects a public employee from retaliation by a government employer only when the employee "speak[s] as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417 (2006).  "The same rule applies where the allegedly protected conduct is the filing of a lawsuit."  Storman v. Klein, 395 Fed. Appx. 790, 793 (2d Cir. 2010).  It also applies when the employee invokes the Petition Clause of the First Amendment.  See Borough of Duryea v.

Guarnieri, 131 S. Ct. 2488, 2500 (2011)("If a public employee petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way, as it does in speech cases.").

Whether First Amendment activity addresses a matter of public concern is an issue of law.  Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003).  In determining this issue, a court considers the "content, form, and context of a given statement, as revealed by the whole record."  Connick v. Myers, 461 U.S. 138, 147-48 (2d Cir. 1983).

Plaintiff's previous lawsuit against the State did not touch on a matter of public concern.  The lawsuit sought money damages for an alleged breach of the plaintiff's employment contract.  As such, it cannot form the basis of a First Amendment retaliation claim under § 1983.  See Storman, 395 Fed. Appx. at 794 (suit seeking damages for conduct that affected plaintiff alone does not implicate matter of public concern); Ruotolo v. City of New York 514 F.3d 184, 190 (2d Cir. 2008)("generalized public interest" related to "fair or proper treatment of public employees" is not sufficient to sustain First Amendment retaliation claim); Lewis v. Cowen, 165 F.3d 154, 164 (2d Cir. 1999)("[S]peech on a purely private matter, such as an employee's dissatisfaction with the conditions of his employment, does not pertain to a matter of public concern.").

4

IV.  Conclusion

Accordingly, the motion for summary judgment is hereby granted.  The Clerk may close the file.

So ordered this 30th day of September 2011.

```
                              /s/ RNC
                         Robert N. Chatigny
                      United States District Judge
```