```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

GEORGE S. LAKNER, M.D.,          :

   Plaintiff,                    :

V.                               :    CASE NO. 3:08-CV-887(RNC)

THERESA C. LANTZ,                :

   Defendant.                    :

## RULING AND ORDER

     Plaintiff has moved for reconsideration of the ruling and order granting summary judgment in favor of the defendant on plaintiff's First Amendment retaliation claim.  In the ruling at issue, the Court concluded that summary judgment should be granted because the plaintiff's prior lawsuit against the state, which provides the basis for his retaliation claim, dealt solely with termination of his employment contract and did not involve a matter of public concern.  Plaintiff argues that the public concern test does not apply to his retaliation claim because he was a "<u>private employee</u>, not a public employee, when he exercised First Amendment rights . . . ."  Pl.'s Mem. Of Law In Supp. Of Mot. For Recons. at 2 (ECF No. 141).[1]  Defendant opposes the motion for reconsideration principally on the ground that plaintiff is raising his "private employee" argument for the first time.  See Def.'s Reply to Pl.'s Mem. at 2 (ECF No. 142)

---

[1] Plaintiff does not define the term "private employee." As discussed later in the text, however, he appears to be claiming that he was an independent contractor.

("The Court did not err as the Plaintiff . . . never alleged he was a private employee."). Defendant urges that the Court should not consider an argument plaintiff failed to present in a timely manner. For the reasons that follow, the motion for reconsideration is denied.

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005). Nor is it an opportunity to relitigate issues already decided. Id. at 22. A motion for reconsideration should be granted only if the moving party "point[s] to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Review of the parties' filings confirms that plaintiff's "private employee" argument is untimely. In moving for summary judgment, defendant argued that plaintiff cannot establish a retaliation claim because his prior lawsuit seeking redress for termination of his employment contract did not involve a matter of public concern. See Def.'s Mem. In Supp. Of Mot. For Summ. J. at 10 (ECF No. 110-1). Defendant's supporting memorandum

discussed the decision in Huth v. Haslun, 598 F.3d 70, 74-75 (2d Cir. 2010), where the Court of Appeals had applied the public concern test to conclude that the plaintiff's prior lawsuit did not constitute protected activity.  See Def's Mem. at 10-11. Defendant argued, "Just as in Huth, the Plaintiff's prior lawsuit . . . , asserting claims for monetary and punitive damages, does not qualify as speech 'on a matter of public concern' and presented only personal grievances."  Id. at 11.

In his memorandum opposing summary judgment, plaintiff asserted that defendant's argument about "protected speech" was "irrelevant."  Pl.'s Mem. In Opp. To Mot. For Summ. J. at 15 (ECF No. 117).  Plaintiff stated: "The defendant makes a fundamental error in analyzing this case as a free speech case. . . . She mistakenly assumes the plaintiff's complaint is a § 1983 complaint for a violation of his First Amendment right of freedom of speech.  But this is a § 1983 complaint for a violation of his First Amendment right to redress grievances."  Id. (internal citations omitted).  Plaintiff's argument implied that the public concern test does not apply when a retaliation claim is based on the defendant's reaction to a prior lawsuit.  However, plaintiff's memorandum did not mention Huth, the case discussed at length in defendant's memorandum, where the Court of Appeals had applied the public concern test to a claim alleging retaliation in response to a lawsuit.  Nor did plaintiff suggest

3

that his claim is distinguishable from the claim in <u>Huth</u> on the ground that at the relevant time he was a "private employee." With regard to his employment status at the relevant time, plaintiff stated only that he was "employed directly" by the state pursuant to an "employment contract."  <u>See</u> <u>id.</u> at 5.  He drew no distinction between his status at that time and his status when he subsequently worked for the state.  <u>See</u> <u>id.</u> at 8 ("On Dr. Lakner's first stint working in the prison, he was a direct employee of the DOC.  But in 2006, he was an employee of the UCHC on assignment in a prison run by the DOC.").

In her reply memorandum, defendant once again urged that plaintiff's claim must fail in light of <u>Huth</u> because his prior lawsuit did not involve a matter of public concern.

Following the submission of the parties' briefs, the Supreme Court addressed the applicability of the public concern test to a claim alleging retaliation in response to a lawsuit.  <u>See</u> <u>Borough of Duryea, Pa. v. Guarnieri</u>, 131 S. Ct. 2488, 2500 (2011).  The Court held that the public concern test applies to such a claim, although the claim involves the right to petition for redress of grievances, rather than the right to free speech.  Following that decision, this Court issued its ruling and order granting the defendant's motion for summary judgment on the ground that the plaintiff's prior lawsuit did not involve a matter of public concern.  Pursuant to that ruling, the Clerk entered judgment in

favor of the defendant.

Plaintiff filed a timely motion for reconsideration and a notice of appeal. In his motion for reconsideration, plaintiff stated that the Court had erred by "mixing up the 'free speech' prong of the First Amendment with the redress of grievances prong." Pl.'s Mot. For Recons. at 1 (ECF No. 137). Plaintiff's motion cited a single case, <u>United Mine Workers of America, District 12 v. Illinois State Bar Ass'n</u>, 389 U.S. 217 (1967), which did not involve a retaliation claim.[2] Plaintiff did not mention <u>Guarnieri</u> or <u>Huth</u>. Nor did he state or imply that those cases are distinguishable on the ground that at the pertinent time he was a "private employee." The "private employee" argument did not appear until he filed a memorandum months later.

In these circumstances, I agree with defendant that reconsideration is not available to consider the untimely "private employee" argument raised for the first time in the plaintiff's latest submission. Given the defendant's reliance in her initial memorandum on the public concern test as applied in <u>Huth</u>, plaintiff was obliged to address the applicability of <u>Huth</u> in his opposition memorandum. Plaintiff's opposition memorandum ignored <u>Huth</u> and did not raise the "private employee" argument. Nor was the argument raised in the motion for reconsideration,

---

[2] The cited case involves the right of a union to hire attorneys to provide legal services for its members.

although this Court had relied on the Supreme Court's decision in Guarnieri confirming the applicability of the public concern test to retaliation claims involving the right to petition for redress of grievances.  Because the "private employee" argument was not raised until plaintiff's latest submission, it does not provide a basis for reconsideration under the applicable standard set forth above.

In addition, plaintiff's argument that he was a "private employee," even if it had been raised in a timely manner, would not provide a basis for denying summary judgment.  In response to the defendant's motion, plaintiff has stated that at the pertinent time he was "employed directly" by the state pursuant to an "employment contract."  Crediting those assertions, and viewing them in a light most favorably to the plaintiff, he was an independent contractor.  Assuming that to be the case, his claim is still subject to the same public concern test that would apply if he had been a regular employee. See Bd. of County Comm'rs, Wabaunsee County, Kan. v. Umbehr, 518 U.S. 668, 685 (1996) ("To prevail, [an independent contractor] must show that the termination of his contract was motivated by his speech on a matter of public concern"); Ansell v. D'Alesio, 485 F. Supp. 2d 80, 84 and n. 1 (D. Conn. 2007) (public concern test applies to retaliation claims brought by independent contractors who have a pre-existing relationship with the government).  Because

plaintiff's "private employee" argument is unavailing on the merits, denying his motion for reconsideration results in no unfairness to him.

Accordingly, plaintiff's motion for reconsideration is hereby denied.

So ordered this 15th day of January 2013.

                                        /s/ RNC
                                  Robert N. Chatigny
                            United States District Judge